**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Donald Ray KEMMERER,**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 22, 2011.

Filed Oct. 14, 2011.

Chandra Bleice, Stroudsburg, for appellant.

Michael T. Rakaczewski, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, and OTT, JJ.

OPINION BY STEVENS, P.J.:

Appellant, Donald Ray Kemmerer, Jr., brings this appeal from the judgment of sentence entered in the Court of Common Pleas of Monroe County on August 30, 2010, at which time he was sentenced to serve forty-two (42) months to eighty-four (84) months in prison upon his convictions for indecent assault of person less than 13 years of age, endangering the welfare of a child, and indecent exposure. We affirm.

The distinguished and learned Judges Margherita Patti Worthington and Jonathan Mark have coauthored an Opinion, pursuant to Pa.R.A.P. 1925(a), which aptly summarizes the background of this case:

On April 20, 2009, the Commonwealth filed a Criminal Information charging Defendant with Involuntary Deviate Sexual Intercourse with a Child, Indecent Assault of person less than 13 years of age, Endangering Welfare of Children, and Indecent Exposure.[1]

[1] 18 Pa.C.S. § 3123(b), 18 Pa.C.S. § 3126(a)(7), 18 Pa.C.S. § 4304(a)(1), 18 Pa. C.S. § 3127(a), respectively.

These charges stemmed from Defendant's involvement in sexual acts committed against a minor child, M.S.

Prior to trial, the Commonwealth filed a motion seeking to admit statements made by M.S. to his mother and to [Monroe County Children and Youth Caseworker Carolyn] Reviello pursuant to the Tender Years Hearsay Act (TYHA) and a motion to transmit M.S.'s testimony by contemporaneous alternative method.[2]

[2] 42 Pa.C.S. § 5985.1 and 42 Pa.C.S. § 5985, respectively.

On December 10, 2009, a hearing on the Commonwealth's motions was convened before the Honorable Margherita Patti Worthington. At the hearing, we heard testimony from M.S., his mother, and Ms. Reviello. Counsel for Defendant had the opportunity to cross-examine all three witnesses. Based on the evidence presented during the hearing, we found the statutory requirements for allowing M.S. to testify by a contemporaneous alternative method and for the admission of the Tender Years statements had been satisfied. Specifically, we found that the statements M.S. made to his mother and to Ms. Reviello were rele-

vant, and that the time, content and circumstances of the statements provided sufficient indicia of reliability. We also found that if M.S. were called to testify, especially if called to testify in front of Defendant in open court, he would suffer serious emotional distress that would substantially impair his ability to reasonably communicate. Accordingly, we granted both of the Commonwealth's motions.

On May 11, 2010, Defendant proceeded to trial before the Honorable Jonathan Mark and a jury. During the trial, M.S. testified by a contemporaneous alternative method. He recounted the acts of sexual abuse perpetrated on him by Defendant. M.S.'s mother and Ms. Reviello also testified. Among other things, both witnesses testified to statements made to them by M.S. pertaining to the abuse perpetrated by Defendant. The Commonwealth called additional witnesses and presented scientific evidence that at once supported M.S.'s allegations and contradicted Defendant's pre-trial statements and trial testimony. Defendant called several character witnesses and testified on his own behalf. While Defendant denied that he abused M.S. in any way, his testimony was inconsistent. At the conclusion of the trial, the jury acquitted Defendant of Involuntary Deviate Sexual Intercourse, but found him guilty of all other charges.

On August 30, 2010, a Megan's Law hearing was held, during which Judge Mark determined that Defendant met the criteria for classification as a sexually violent predator. On the same day, Judge Mark sentenced Defendant to an aggregate period of incarceration of not less than forty-two (42) months nor more than eighty-four (84) months.

Opinion in Support of Order Pursuant to Pa.R.A.P. 1925(a), filed December 23, 2010, at 1–3.

Following the denial of his post-sentence motions, Appellant filed this appeal, wherein he presents three questions for this Court's review: [1]

Did the court abuse its discretion in allowing Monroe County Children and Youth Caseworker Carolyn Reviello to testify to testimonial hearsay obtained from the child victim?

Was the admission of the aforementioned evidence ... harmless error?

Did the Commonwealth, without the testimony of Carolyn Reviello, prove beyond a reasonable doubt each and every element of the offenses of Indecent Assault and Endangering the Welfare Of a Child?

Brief of Appellant at 4.

Appellant first complains that the trial court erred when it allowed the Commonwealth to present the testimony of Monroe County Children and Youth Caseworker Carolyn Reviello regarding statements made to her by the victim, M.S.

■ "[T]he admission of evidence is within the sound discretion of the trial court, and decisions thereon will be reversed only upon a showing of an abuse of discretion." *Commonwealth v. Cesar*, 911 A.2d 978, 981 (Pa.Super.2006), *appeal denied*, 593 Pa. 725, 928 A.2d 1289 (2007). Here, the Commonwealth filed a pretrial motion *in limine* seeking the admission of the victim's statement to Ms. Reviello pursuant to the Tender Years Hearsay Act (TYHA), 42 Pa.C.S. § 5985.1.

The Act provides, in pertinent part,

(a) **General rule.**—An out-of-court statement made by a child victim or

---

1. Appellant timely complied with the order of the trial court to file a concise statement of

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. ... 31 (relating to sexual offenses), ... not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
> > (i) testifies at the proceeding; or
> >
> > (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a). Following a hearing, the trial court granted the Commonwealth's motion.[2]

Appellant does not now directly challenge the trial court's TYHA ruling, but rather argues that the admission of the statements violated his constitutional right to confront witnesses against him, citing the decisions of the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).[3] In *Crawford*, the Supreme Court

2. The trial court explained its ruling as follows:

> The TYHA establishes an exception to the general rule against the admission of hearsay testimony. Under the TYHA, certain out-of-court statements made by a child victim or witness may be admissible at trial if the child either testifies at the proceeding or is unavailable as a witness, and the court finds "that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability." 42 Pa.C.S. § 5985.1(a)(1). ...
>
> As stated above, based on the evidence presented at the TYHA hearing, we concluded that M.S.'s statements made to Ms. Reviello were relevant and that the time, content and circumstances of the statement provided sufficient indicia of reliability. To date, Defendant has not challenged our relevancy and reliability determinations. In fact, the record demonstrates that he had conceded them.
>
> \*     \*     \*
>
> In issuing the TYHA ruling, we also concluded that M.S. was statutorily unavailable to testify, especially in front of Defendant, because he would suffer severe emotional distress that would substantially impair his ability to reasonably communicate. Specifically, when we asked M.S. questions during the in camera hearing about his relationship with the Defendant, we observed a noticeable change in his demeanor. He became quiet and started fidgeting. Although he stated that Defendant touched his penis, he did not elaborate on the sub-

> ject any further while the court reporter and the attorneys were present.
>
> Our conclusion was not based on this observation alone. M.S. testified that he is afraid of Defendant, and if he had to testify, he would be scared and would not be able to testify. Ms. Reviello testified credibly that she interviewed M.S. about the incident, and, in her opinion, she would not recommend that M.S. be forced to testify in front of Defendant. She noted that M.S. was having trouble sleeping due to the incident, and that if forced in open court, it would be detrimental to M.S. because it would force him to rehash the entire ordeal. M.S.'s mother also testified that since the incident M.S. will not listen and "spazzes out." She stated that he has nightmares every night and cannot sleep. She also stated that M.S. was scared to talk to Defendant and is scared of him. Simply, after observing M.S. and assessing the credibility of the testimony, we concluded that M.S. was unavailable to testify pursuant to the TYHA. ...

Opinion in Support of Order Pursuant to Pa. R.A.P. 1925(a), filed December 23, 2010, at 4–6 (footnotes omitted).

3. Although this allegation has been addressed by the judges' Rule 1925(a) Opinion, it is unclear from the record when Appellant first raised it before the trial court. If a claim is not raised prior to appeal, it is waived. Pa. R.A.P. 302(a). However, in an abundance of caution, and under the particular circumstances of this case, we will address Appel-

ruled that out-of-court testimonial statements of a witness who did not appear at trial were inadmissible unless the witness was unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford, supra,* 541 U.S. at 68, 124 S.Ct. at 1374, 158 L.Ed.2d at 203. In *Davis,* the Supreme Court more carefully delineated the difference between testimonial and non-testimonial statements.[4]

Here, appellant challenges the following testimony of Ms. Reviello:

> He (the victim) had stated that these incidents happened a lot, that they started to happen sometime after Christmas, that there were incidents that happened in the Defendant's bedroom where the Defendant would put a blanket over himself and would fondle M.S. both on top and underneath his underwear, and that the Defendant would have M.S. touch the Defendant's penis.

Brief of Appellant at 7 (record citation omitted). Appellant claims "[t]he case at hand is very unique, namely the victim, M.S., testified at trial, [but] M.S. never testified to 'incidents' nor an incident occurring in [Appellant's] bedroom." *Id.* Appellant contends that in this case, M.S. "had not been subject to full and meaningful cross-examination prior to trial."[5] *Id.* Moreover, Appellant argues that although the victim testified, "neither the victim nor the victim's mother testified to the alleged

statements made by [Ms.] Reviello," and "[c]ounsel for the defendant never had an opportunity to question the victim in regards to the statement allegedly made to Mrs. Reviello because the victim never testified to the facts contained in the statement made by [Ms.] Reviello." *Id.* at 8 (record citations omitted). Appellant therefore contends that the testimony offered by Ms. Reviello violated *Crawford.* We disagree.

■ As the trial court astutely opined, our decision in *Commonwealth v. Charlton,* 902 A.2d 554 (Pa.Super.2006), *appeal denied,* 590 Pa. 655, 911 A.2d 933 (2006), is applicable to the facts of this case and supports the conclusion that Appellant's constitutional right to confront and cross-examine witnesses against him was not violated. In *Charlton,* this Court found no violation of *Crawford* in the trial court's decision to allow the Commonwealth to introduce, pursuant to 42 Pa.C.S. § 5985.1, a child-victim's out-of-court statements to a police officer and a Children and Youth caseworker, because the victim had testified at length at a competency hearing and during the jury trial by closed circuit television, and the defendant had "more than ample opportunity to confront and cross-examine [the minor victim] in each instance." *Id.* at 560.

In this case, M.S. also testified at both the pretrial TYHA hearing, and at trial via

lant's claim, which, even if preserved, entitles him to no relief. *Commonwealth v. duPont,* 730 A.2d 970, 981 n. 10 (Pa.Super.1999).

4. The *Davis* Court held that where the primary purpose of questioning was to establish or prove past events that could be relevant to a criminal prosecution, statements made in response to those questions were testimonial. 547 U.S. at 822, 126 S.Ct. at 2273–2274, 165 L.Ed.2d at 237.

5. Appellant argues in his brief that the victim had not been subject to full and meaningful

cross-examination prior to trial because (1) the victim's testimony at the time of the preliminary hearing "was cut short due to the Commonwealth requesting the Court to determine the applicability of the Tender Years Statute," and (2) the victim's testimony prior to trial to determine the applicability of the Tender Years Statute was "limited [to] questioning of the victim to determine the sole issue of whether the victim would be emotionally harmed by having to testify before [Appellant]." Brief of Appellant at 7–8.

closed circuit television, regarding Appellant's conduct, and Appellant likewise had ample opportunity to confront and cross-examine M.S. Appellant knew of M.S.'s statements made to Ms. Reviello, and knew that the trial court had found the statements made by M.S. to Ms. Reviello to possess sufficient indicia of reliability to be admissible at trial. *See:* Trial Court Opinion, December 15, 2009 (Findings of Fact and Conclusions of Law regarding Commonwealth's Motion for Tender Years determination). Thus, the claim of Appellant that he "never had the opportunity to question the victim in regards to the statements made to Ms. Reviello," is meritless.[6] Accordingly, we detect no error on the part of the trial court in permitting the Commonwealth to introduce the out-of-court statements of the victim through the testimony of Ms. Reviello. Thus, we affirm the judgment of sentence.[7]

Judgment of Sentence affirmed.

---

**6.** As the trial court reasoned:

> [I]f the Defendant had an opportunity to cross-examine the declarant about statements that the declarant made, then there is no Confrontation Clause violation. *See: Commonwealth v. Charlton,* 902 A.2d 554, 560 (Pa.Super.2006).
>
> \* \* \*
>
> ... During the TYHA hearing, after we observed and questioned M.S. in chambers in the presence of the attorneys for both parties, counsel for Defendant had the opportunity to ask M.S. questions in regard to any statement M.S. made. In fact, counsel for Defendant took advantage of this opportunity and questioned M.S. Later, at trial, M.S. testified and Defendant's attorney again had the opportunity to cross-examine him. M.S. testified to his interaction with the Defendant, specifically referring to the sexual acts that Defendant committed, the

terms and language Defendant used with M.S., the pornography Defendant showed M.S., and other relevant facts. Thereafter, Defendant's counsel tested the reliability of M.S.'s testimony by thoroughly cross-examining him about his statements. Likewise, M.S.'s mother and Ms. Reviello both testified at the TYHA hearing and at trial about the statements that M.S. had made to them and, in each instance, were cross-examined by Defendant's attorney.

Opinion in Support of Order Pursuant to Pa. R.A.P. 1925(a), *supra,* pp. 7–8 (record citations omitted). *See also:* Trial Court Opinion, December 15, 2009 (Findings of Fact and Conclusions of Law regarding Commonwealth's Motion for Tender Years determination).

**7.** In light of our disposition, we need not reach the second and third questions raised by appellant.