J-S07037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY RAY SUMNER, JR. | |
| Appellant | No. 962 MDA 2014 |

Appeal from the Judgment of Sentence October 31, 2011
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001019-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 22, 2015**

Johnny Ray Sumner, Jr., appeals *nunc pro tunc* from the judgment of sentence imposed on October 31, 2011, in the Court of Common Pleas of Franklin County.  A jury found Sumner guilty of involuntary deviate sexual intercourse with a child, criminal attempt – aggravated indecent assault of a child, and indecent assault.[1] The trial court sentenced Sumner to 14 years and 3 months to 35 years' imprisonment, and found him to be a Sexually Violent Predator (SVP).   In this appeal, Sumner challenges (1) the trial court's grant of the Commonwealth's Tender Years[2] Motion, thereby admitting out of court statements made by the victim through other

_____

[1] 18 Pa.C.S. §§ 3123(b), 901(a)/3125(b), and 3126(a)(7).

[2] **See** Pennsylvania's Tender Years Act, 42 Pa.C.S. § 5985.1.

witnesses, (2) the trial court's admission of out of court statements made by the victim through the victim's mother, after the victim had testified, (3) the sufficiency of the evidence, and (4) the sufficiency of the evidence to support the court's SVP determination. Based upon the following, we affirm.

The trial court has aptly stated the facts and procedural history of this case, and we need not repeat the background of this case. **See** Trial Court Opinion, 8/5/2014, at 1–3. We simply state the charges against Sumner arose from two incidents that occurred while the six year old victim and her family were living at a homeless shelter where Sumner was also a resident.

Sumner first contends the trial court erred in granting the Commonwealth's Tender Years motion and allowing the victim's out of court statements into evidence through the testimony of other adult witnesses, because the court's ruling contravened the Confrontation Clause.[3] **See**

_____

[3] The Tender Years Act, 42 Pa.C.S. § 5985.1, provides in pertinent part:

> (a) *General rule.* --An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. … 31 (relating to sexual offenses) …, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:

*(Footnote Continued Next Page)*

Sumner's Brief at 12, 13 (*citing Crawford v. Washington*, 541 U.S. 36 (2004)). This issue, however, has been waived, since Sumner failed to specifically raise this claim in his Pa.R.A.P. 1925(b) statement.[4] *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In any event, there was no Confrontation Clause violation in this case because the child victim testified via closed circuit television at Sumner's trial,[5] and Sumner's attorney had full opportunity to cross-examine her. *See Commonwealth v. Charlton*, 902 A.2d 554, 560 (Pa. Super. 2006) (holding admission of the victim's out-of-court statements was proper under

*(Footnote Continued)* ————————

> (i)     testifies at the proceeding; or
>
> (ii)     is unavailable as a witness.

42 Pa.C.S. § 5985.1(a)(1), (2).

[4] In Sumner's Rule 1925(b) statement, his first claim is framed as follows:

> Whether the trial court erred in granting the Commonwealth's Tender Years Motion. Supporting Authority: 42 Pa.C.S. §[§] 5985, 5985.1[.]

Sumner's Statement of Matters Complained of on Appeal, 6/30/2014. As such, the trial court, in addressing this issue, did not discuss *Crawford v. Washington*, 541 U.S. 36 (2004). *See* Trial Court Opinion, 8/5/2014, at 3–8.

[5] *See* 42 Pa.C.S. § 5985 ("Testimony by contemporaneous alternative method").

the Tender Years exception to the hearsay rule and the concerns of **Crawford** were not implicated where the child victim testified via closed circuit television and the defendant had an opportunity to cross-examine her), *appeal denied*, 911 A.2d 933 (Pa. 2006). **See also Commonwealth v. Kemmerer**, 33 A.3d 39 (Pa. Super. 2011) (same). Accordingly, we reject Sumner's claim that the court's admission of the Tender Years evidence violated his constitutional right to confrontation under **Crawford**.

Secondly, Sumner challenges the admission of the victim's out of court statements through the victim's mother's testimony after the victim testified. Specifically, Sumner claims "[the victim's mother's] testimony regarding [the victim's] statements was at best cumulative of [the victim's] prior testimony, did not corroborate [the victim's] testimony and in fact, was contradictory to [the victim's] testimony." Sumner's Brief at 16.

It is well settled that "[q]uestions concerning the admissibility of evidence are within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion." **Commonwealth v. L.N**., 787 A.2d 1064, 1068 (Pa. Super. 2001), appeal denied, 800 A.2d 931 (Pa. 2002).

"[C]umulative evidence is additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." **Commonwealth v. G.D.M.,** 926 A.2d 984, 989 (Pa. Super. 2007) (quotations omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008).

"Evidence that bolsters, or strengthens, existing evidence is not cumulative evidence, but rather is corroborative evidence." ***Id.***

Based on our review, we conclude the testimony of the victim's mother was corroborative, and not cumulative evidence, as she testified regarding victim's gestures to her own body in describing Sumner's actions, and provided other details the victim had originally related to her about the touching incident. ***See*** N.T., 6/13/2011, at 63–68. Furthermore, if such testimony were cumulative, it was harmless error. ***See Commonwealth v. Reese***, 31 A.3d 708, 719 (Pa. Super. 2011) ("Harmless error exists, *inter alia*, where 'the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence.'"). Therefore, Sumner's contention that the trial court erred in admitting the statements of the victim's mother after the victim had testified warrants no relief.

Next, Sumner challenges the sufficiency of the evidence to sustain his convictions. In reviewing this claim, our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a

matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes.

*Commonwealth v. Brooks*, 7 A.3d 852, 856–857 (Pa. Super. 2010)

(citation omitted), *appeal denied*, 21 A.3d 1189 (Pa. 2011).

In challenging the sufficiency of the evidence to sustain his convictions, Sumner argues:

[T]he victim never referred to the accuser by … his name, did not refer [to] the accuser by the name he was known as at the shelter, and never pointed [Sumner] out in court; the testifying doctor found no signs of trauma or injuries to the victim; and no physical evidence was introduced.

Sumner's Brief at 18-19.

We find this claim is meritless. With regard to the identification issue, the victim testified she was sexually assaulted by a person named "Trevor Travis,"[6] who was living at the shelter when she was living there with her family. N.T., 6/13/2011, at 22. The victim's mother identified Sumner as

---

[6] The victim testified her assailant was Trevor and "Trevor's actual name is Travis." N.T., 6/13/2011, at 28.

"Trevor Hughes or Johnny Ray Sumner" by pointing to him, and indicated he lived at the shelter during the relevant time period. *Id.* at 58. She testified Sumner introduced himself to everyone as Trevor Hughes, although she later learned that his name was Johnny Ray Sumner. *See id*. at 59. In addition, another witness, Sharon Houdeshell, who worked at the shelter, testified that Trevor Hughes was also Johnny Sumner. *See id.* at 89, 92. Furthermore, to the extent Sumner argues the victim did not point him out in court, we note the victim testified via closed circuit television pursuant to 42 Pa.C.S. § 5985.1, the victim referred to her assailant as Trevor who was living at the shelter, and the victim's mother pointed out Sumner in court as Trevor Hughes and Johnny Sumner, a resident of the shelter. *See* N.T., 6/13/2011, at 58–59. Accordingly, we reject this identification argument as groundless.

With regard to Sumner's complaint that the testifying doctor found no signs of trauma or injuries to the victim and there was no physical evidence of abuse, the Crimes Code provides that testimony of a sex offense victim need not be corroborated. 18 Pa.C.S. § 3106. *See Commonwealth v. Poindexter*, 646 A.2d 1211, 1214 (Pa. Super. 1994) (stating uncorroborated testimony of a sex offense victim, if believed by the jury, is sufficient to support the conviction and "no medical testimony is needed to corroborate the victim's testimony"), *appeal denied*, 655 A.2d 512 (Pa. 1995). Therefore, Sumner's sufficiency challenge warrants no relief.

Finally, Sumner contends that the court erred in determining he was an SVP. "In reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied." **Commonwealth v. Martz**, 926 A.2d 514, 522 (Pa. Super. 2007) (citation omitted), *appeal denied*, 940 A.2d 363 (Pa. 2008).

Here, Sumner argues he did not meet certain SVP factors,[7] including, but not limited to whether there were multiple victims, and where he was

_____

[7] The determination of whether an individual should be classified as an SVP is governed by examination of the factors set forth at 42 Pa.C.S. § 9795.4(b). We note Section 9795.4 expired on December 20, 2012. **See** 42 Pa.C.S. § 9799.41.

> [W]ith regard to the various assessment factors listed in Section 9795.4, there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a check list with each one weighing in some necessary fashion for or against SVP designation. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities.
>
> Thus, while the Board is to examine all the factors listed under Section 9795.4, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792. Having conducted a hearing and considered the evidence

*(Footnote Continued Next Page)*

found not to have a mental abnormality of pedophilia. Sumner claims that the evidence introduced to suggest his behavior was predatory was insufficient.

In reviewing this claim, we keep in mind the following legal principles.

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Commonwealth v. Hollingshead***, ___ A.3d ___, ___ [2015 PA Super 38] (Pa. Super. 2015) (citation omitted).

"Sexually violent predator" and the term "predatory" are defined as follows:

> "Sexually violent predator." A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. …

*(Footnote Continued)* ————————————

> presented to it, the court then decides whether a defendant is to be designated an SVP and thus made subject to the registration requirements of 42 Pa.C.S.A. § 9795.1(b)(3).

***Brooks, supra***, 7 A.3d at 863, *citing* ***Commonwealth v. Freucht***, 95 A.2d 377, 381 (Pa. Super. 2008).

"Predatory." An act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization.

42 Pa.C.S. § 9792.[8]

At the October 31, 2011, SVP hearing, Mr. Herbert Hays, a member of the Pennsylvania Sexual Offender Treatment Board, who both counsel stipulated to be an expert in the area of sexual offender assessment, treatment and management, testified regarding the factors relevant to his assessment. Hays recognized Sumner did not have multiple victims, but found other pertinent factors to be present. Hays determined Sumner demonstrated behavior that constitutes an antisocial personality disorder, a lifetime condition. **See** 42 Pa.C.S. § 9792, **supra** (defining "sexually violent predator"). Hays further concluded that Sumner's behavior was predatory in that Sumner took advantage of the six year old victim, initiated contact by fondling her, had sexual contact with her a day or two later, and gave a cell phone to the victim's brother to get him out of the way.

At the SVP hearing, the trial court summarized the evidence as follows:

Mr. Sumner is an individual who has been convicted of a sexually violent offense as set forth under the Sexual Offender [Registration] Act, and we note that to be the case. He was convicted in count one of involuntary deviate sexual intercourse and who is also determined to be a sexually violent predator as a

---

[8] We note that Section 9792 expired on December 20, 2012. **See** 42 Pa.C.S. § 9799.41.

result of a personality disorder that would be so pervasive that it would cause him to be likely to engage in predatory sexually violent offenses in the future and we note Mr. Hays' assessment. We believe that he had substantial foundation – factual foundation information to conduct a review of the criteria for evaluating the likelihood of reoffending and the presence of a personality disorder. Specifically, he took into account – I will only mention – I will not mention the factors that he said were not present such as multiple victims which are not pertinent to this case but the factors that he found to be pertinent was the nature of the sexual contact or assault on the child, rather serious assault by intercourse with a six year old on one of the occasions and indecent touching on another occasion, two separate dates. The victim was found through a relationship with an adult male friend. That was a factor in the nature of the sexual contact and the type of relationship that he had with the child. The age of the victim, of course, is important. As [Mr. Hays] noted, this child is not capable of consent due to her age and her will was overborne with very little effort even if she understood exactly what was happening to her and mental capacity of the victim, of course, again, non-consenting. Despite the fact that [Sumner] does not meet the diagnosis under the DSM for pedophilia Mr. Hays took into account that this victim was prepubescent, however that this did not involve conduct continuing over a period of six months and so it did not result in a finding of mental abnormality of pedophilia. We took into account Mr. Sumner's individual characteristics, age 20, and for the most part I think the most weighty evidence that we have concerning the foundation for his finding of personality – antisocial personality disorder which fits the definition of personality disorder in Section 9792 of the Sexual Offender Registration Act is the long self reported history of Mr. Sumner's criminal behavior, his blatant disregard of other person's personal rights, [and] his assaultive and violent character as demonstrated by his own reporting. There does not appear to be any mental health diagnosis which would shed light on his behavior one way or another, some indication of having been prescribed medication – psychological, psychiatric medications, his inability and/or unwillingness to be responsible in the sense that he depended on others for most everything, his support, his physical, financial and other means of support. His behavior, his formal criminal behavior documented in convictions for misdemeanor assaults in Georgia, continuing property crimes in Franklin County, his reports of assaults with authority figures,

- 11 -

police, teachers, his disregard for rules and regulations of the prison with at least three misconduct reports. At least one of those was conduct that was an assaultive nature.

Established by clear and convincing evidence we find that Mr. Hays – that [Sumner] did have a personality disorder and we know from Mr. Hays' expert testimony that this is not something that can be treated or removed as in the sense of a cure which contributes to the likelihood of additional predatory or antisocial behavior.

In this case he demonstrated the objective of that behavior to be a sexual assault. We note Mr. Hays' testimony that persons with this disorder do not necessarily always commit sexual crimes but commit crimes that suit their inclinations and so forth at the moment which again contributes to the likelihood that it could be any offense but it could also be an additional sexually violent offense.

We note evidence of the predatory nature which would make this predatory behavior satisfy that aspect of the finding of sexually violent predator.

Mr. Sumner was aware that his male friend [the victim's father] trusted him with protection, guardianship of this child, that he was aware that there were times when the parents would not be present, took advantage of those opportunities on two separate occasions.

It is noted that the other child who was present was given a distraction and, again, the age and character of the victim, a non-consenting six year old[,] contribute to the predatory nature of the assault, and so for these reasons we find that the Commonwealth has appropriately identified the factors required under Section 9795(4) related to assessment of personality disorder, clear and convincing evidence that supports the antisocial personality finding and that it was predatory – the act was predatory in nature and had a strong likelihood of committing additional offenses in the future and for that reason the Court concludes that the Commonwealth has met its burden of proving the designation of sexually violent predator and Mr. Sumner will therefore be required to register for a period of lifetime under the requirements of the Sexual Offender Registration Act.

N.T., 10/31/2011, at 25–29. Based upon our review of the record, we conclude that the evidence is clearly and convincingly sufficient to support the trial court's determination that Sumner is an SVP. Accordingly, we reject Sumner's claim to the contrary.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2015