J-S19016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: J.J.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | No. 1035 MDA 2016 |

Appeal from the Order Entered May 27, 2016
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-JV-0000019-2016

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 12, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the juvenile court's order sustaining Appellee's, J.J.B. (a minor), objection to the admission of a March 23, 2016 videotaped statement of the victim, on the grounds that the statement is hearsay. We affirm.

The juvenile court provided the factual background and procedural history of this case as follows:

> J.J.B. (hereinafter referred to as [] Juvenile) is a minor … and is presently sixteen (16) years of age. [] Juvenile is presently in the custody of R.F. and B.F., who pursuant to an [o]rder entered by this [c]ourt in a [d]ependency matter are permanent legal custodians. R.F. and B.F. have been foster parents in … Clinton County for more than two (2) decades.
>
> Chief David Winkleman of the Pine Creek Township Police Department filed a [w]ritten [a]llegation against [] Juvenile on March 14, 2016[,] alleging that on March 12, 2016[,] [] Juvenile had committed the offense of Indecent Assault. [] Juvenile was charged with two (2) Counts of Indecent Assault, Count one (1)

---

[*] Former Justice specially assigned to the Superior Court.

graded as a misdemeanor of the first degree[,] and Count two (2) graded as a misdemeanor of the second degree. Count No. 1 is graded as a misdemeanor of the first degree because it is alleged that [] Juvenile had indecent contact with a person under the age of thirteen (13) years of age, who is four (4) years younger than [] Juvenile and not married to [] Juvenile.[1] Count No. 2 alleges that [] Juvenile had indecent contact with a person under sixteen (16) years of age, four (4) or more years younger than [] Juvenile and not married to [] Juvenile.[2] The victim in this matter is a nine (9) year old daughter of the permanent legal custodians R.F. and B.F. … [T]he victim[] … is clearly four (4) years younger than [] Juvenile. Chief Winkleman alleges that on March 12, 2016[,] … while playing hide and seek[,] the victim hid in the closet of the victim's bedroom and that [] Juvenile entered the closet to hide with the victim and started to rub the vaginal and buttocks area of the victim, over the clothes of the victim.

[] Juvenile was detained at the Central Counties Youth Detention Center and a Petition Alleging Delinquency was filed on March 14, 2016[,] by Probation Officer Meghan Bitner. At the Detention Hearing on March 16, 2016, Senior Judge J. Michael Williamson continued [] Juvenile's placement in the Central Counties Youth Detention Center and an Adjudication Hearing was scheduled for March 28, 2016. At the hearing on March 28, 2016, the Commonwealth was not prepared to proceed and the matter was continued. [] Juvenile continued to be held in the Central Counties Youth Detention Center. The Adjudication Hearing was rescheduled for April 6, 2016.

At the April 6, 2016 hearing, the Commonwealth failed in the Commonwealth's attempt to prove that the victim was unavailable as a witness as defined in 42 Pa.C.S.[] § 5985.1,[3]

---

[1] **See** 18 Pa.C.S. § 3126(a)(7).

[2] **See** 18 Pa.C.S. § 3126(a)(8).

[3] This statute is referred to as the Tender Years Hearsay Act ("TYHA"). **See, e.g.**, **Commonwealth v. Walter**, 93 A.3d 442, 444-45 (Pa. 2014). It states, in relevant part, the following:

*(Footnote Continued Next Page)*

was unable to proceed further and requested a continuance. During said hearing, the Commonwealth presented the testimony of the victim in [c]hambers before this [c]ourt with counsel present. The victim indicated on at least two (2) occasions that the victim did not want to discuss the alleged incident that occurred on March 12, 2016. No testimony was elicited from the victim who was the only witness presented

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

**(a) General rule.**--An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

(i) testifies at the proceeding; or

(ii) is unavailable as a witness.

**(a.1) Emotional distress.**--In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

42 Pa.C.S. § 5985.1(a), (a.1).

concerning the indecent assault at the hearing of April 6, 2016. Also on April 6, 2016, this [c]ourt released [] Juvenile from [d]etention and placed [] Juvenile in the legal and physical custody of [] Juvenile's permanent legal guardians with the understanding that the Clinton County Children and Youth Social Services Agency would implement a safety plan. The Adjudication Hearing was continued to May 6, 2016.

At the May 6, 2016 hearing, the Commonwealth presented two (2) witnesses. The first witness was once again the victim, who [was] eight (8) years of age. The victim indicated that the victim did not know her address or in what town the victim lived, did not know the victim's grade in school, and did not remember talking to anyone in Bellefonte, which is a Borough in Centre County, Pennsylvania, where the Child Advocacy Center is located. The victim indicated that the victim did not remember talking about [] Juvenile to anyone or any allegations about [] Juvenile.

The second witness presented by the Commonwealth at the May 6, 2016 hearing was Ashley Carper, who is a Forensic Interviewer with the Children's Advocacy Center located in Bellefonte, Pennsylvania. Ms. Carper interviewed the victim on March 23, 2016. Ms. Carper indicated that Ms. Carper was trained in forensic interviewing and that forensic interviewing was an attempt to grant the child a safe space to be interviewed. Ms. Carper indicated that Ms. Carper attempts to build a rapport with the child and then to allow the child to give a narrative as to what occurred. The Commonwealth then requested to present the videotape of the interview which occurred at the Child Advocacy Center in Bellefonte, Pennsylvania on March 23, 2016. [] Juvenile objected. This [c]ourt recessed the hearing and directed the parties to file [b]riefs. This [c]ourt has … received the [b]riefs.

Trial Court Opinion (TCO), 5/27/2016, at 1-4.

After receiving the parties' briefs regarding whether the victim's videotaped statement should be admitted into evidence, the juvenile court ultimately determined that it should be excluded because the victim did not testify concerning the alleged incident and "Juvenile has not had a full and

- 4 -

fair opportunity to cross-examine the victim which will deny [] Juvenile's right to confront [] Juvenile's accuser." *Id.* at 7.

Subsequently, the Commonwealth filed a timely notice of appeal pursuant to Pa.R.A.P. 311(d), in which it certified that the juvenile court's order will terminate or substantially handicap the prosecution. Thereafter, it filed a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, the Commonwealth raises a single issue for our review:

> Did the court err in finding that the videotape[d] statement of the victim from March 23, 2016 was hearsay, and therefore sustain[ing] Juvenile's objection?

Commonwealth's Brief at 4 (numbering and unnecessary capitalization omitted).[4]

> Initially, we set forth our standard of review:

> An appellate court's standard of review of a trial court's evidentiary rulings which include rulings on the admission of hearsay is abuse of discretion. [] *Walter*, …93 A.3d [at] 449 … *citing* **Commonwealth v. Delbridge**, 578 Pa. 641, 653 n.8, 855 A.2d 27, 34 n.8 (2003). However, whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, **Pointer v. Texas**, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923 (1965), is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Yohe**, 621 Pa. 527,

---

[4] With respect to the Commonwealth's argument that the victim's videotaped statement should be admitted under the TYHA, we believe a more apt phrasing of this issue is whether the juvenile court erred in finding that the videotaped statement was not **admissible** hearsay.

542–45, 79 A.3d 520, 530–531 (2013) citing **Commonwealth v. Cannon**, 610 Pa. 494, 22 A.3d 210 (2011).

**In re N.C.**, 105 A.3d 1199, 1210 (Pa. 2014).

The Commonwealth argues that "[t]he [v]ictim took the stand, briefly testified, and was available for cross-examination by [] Juvenile. The specific elements under … [the TYHA,] 42 Pa.C.S.[] § 5985.1[,] were satisfied when the [v]ictim took the stand, and therefore it is permissible for the videotape[d] interview to be played by the Commonwealth." Commonwealth's Brief at 8. We disagree.

The Commonwealth claims that "[t]he question presented at the May 6, 2016 hearing focused specifically on what and how much testimony is sufficient to satisfy … 42 Pa.C.S.[] § 5985.1(a)(2)(i)." **Id.** at 12. However, we think that this mischaracterizes the issue; instead, the juvenile court pointed out that, at the hearing, Juvenile "objected[,] indicating that the videotape[d] statement was still hearsay as the victim had not testified regarding the facts of the incident at the hearing and the victim could not be cross-examined on those facts." TCO at 4. Thus, in its opinion, the juvenile court considered the Confrontation Clause of the Sixth Amendment of the United States Constitution, as well as the Confrontation Clause of Article I, Section 9 of the Pennsylvania Constitution, and concluded that "no opportunity occurred for [] Juvenile's counsel to cross-examine the victim concerning the incident." **Id.** at 5, 6. The juvenile court observed that at the May 6, 2016 hearing, "the victim did not remember participating in the forensics interviews … [,] and at the proceeding on April 6, 2016[,] the

victim declined to discuss the incident." *Id.* at 5. Accordingly, the trial court made the finding that "the victim … declined to testify regarding this incident," and did not simply fail to "recall the alleged criminal incident." *Id.* at 8.[5]

Our Supreme Court has explained:

The Confrontation Clause guarantees that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST., amend. VI. The High Court in *Crawford* [*v. Washington*, 541 U.S. 36 (2004)] … rejected the indicia of reliability standard which it had applied previously in *Ohio v. Roberts*, 448 U.S. 56 … (1980) as violative of the Sixth Amendment and fundamentally altered Confrontation Clause jurisprudence with regard to testimonial hearsay when it held that the Confrontation Clause prohibits the admission of testimonial hearsay against a criminal defendant, regardless of whether the statements are deemed reliable by the trial court, unless the declarant is unavailable to testify and the defendant had a previous opportunity to cross-examine the witness. *Crawford*, 541 U.S. at 68…. *See also Commonwealth v. Yohe*, … 79 A.3d 520, 530–31 ([Pa.] 2013); *Commonwealth v. Allshouse*[,] … 36 A.3d 163, 171 ([Pa.] 2012). In keeping with its framing of the necessary inquiry as whether the defendant had an opportunity to cross-examine the witness, rather than whether the witness was, in fact, cross-examined, the *Crawford* Court espoused that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 … (citation omitted).

While the right to confrontation is a fundamental one, this Court has explained it is not absolute. *See Commonwealth v.*

---

[5] The trial court states that "[t]here is no question that the child victim's statement to a forensic interview specialist is testimonial." TCO at 5. Further, the Commonwealth does not argue on appeal that the victim's videotaped statement is not testimonial.

> ***Wholaver***, … 989 A.2d 883 (2010) *cert. denied* [562 U.S. 933], 131 S.Ct. 332, 178 L.Ed.2d 216 (2010) (discussing generally the "forfeiture by wrongdoing" exception to the hearsay rule and the Confrontation Clause and upholding a trial court's admission of two murder victims' preliminary hearing testimony at defendant's trial).  In addition, when determining whether a defendant has a right to present expert testimony to rebut the Commonwealth's introduction of evidence in support of its motion pursuant to 42 Pa.C.S.[] § 5985 to allow a child witness to testify in a room outside of the courtroom, this Court recently explained:

>> the right to confrontation is basically a trial right, and includes both the opportunity for cross-examination of the witnesses and the occasion for the jury to consider the demeanor of the witnesses.  ***Barber v. Page***, 390 U.S. 719, 725, … (1968).   "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."   ***Maryland v. Craig***, 497 U.S. 836, 845 … (1990).

> ***Commonwealth v. Williams***, [624 Pa. 183], 84 A.3d 680, 684 ([Pa.] 2014).

***In re N.C.***, 105 A.3d at 1215 (original brackets omitted).

In ***In re N.C.***, our Supreme Court affirmed that a juvenile defendant's right to be confronted with a witness against him under the Confrontation Clause of the Sixth Amendment of the United States Constitution had been "violated where the juvenile court admitted into evidence an out-of-court, video-taped, forensic interview of a child complainant under the Tender Years Hearsay Act ('TYHA'), even though defense counsel did not cross-examine the child complainant who had taken the witness stand at the juvenile's contested adjudication hearing." ***Id.*** at 1200.  In that case, the four-year-old victim "answered questions concerning various innocuous

topics such as her birthday, school, family, and her ability to differentiate the truth from a lie with nods and shakes of her head, along with a few verbal responses[,]" but "was unable to provide direct examination testimony regarding any contact [the juvenile defendant] might have had with her" and "became totally unresponsive to [the prosecutor's] repeated efforts to elicit information regarding inappropriate contact [the juvenile defendant] may have had with her…." *Id.* at 1216.[6] Ultimately, while on the witness stand, the victim recoiled into a fetal position, and "the Commonwealth conceded continued questioning of the unconversable child complainant on direct examination would have been futile, and the juvenile court suggested she be removed from the witness stand…." *Id.* at 1200, 1216. Afterwards, following subsequent testimony by a forensic interviewer, the juvenile court admitted the victim's video interview into evidence over defense counsel's objection that it violated the juvenile's right to confrontation under the Sixth Amendment. *Id.* at 1206-07.

In determining whether the victim's videotaped interview in that case violated the juvenile's right under the Confrontation Clause of the Sixth Amendment, our Supreme Court observed that "the juvenile court conflated the federal constitutional challenge before it—whether [the juvenile

_____

[6] The Supreme Court noted that the victim was three years old at the time of the alleged incident, and was four years old when the adjudicatory hearing took place. *Id.* at 1200, 1200 n.1.

defendant's] right to confrontation … had been satisfied—with the separate issues of [the victim's] competency to testify at the hearing … and of whether the forensic interview was admissible under the TYHA." **Id.** at 1216. It noted that "[a]n accused's right to confront and cross-examine witnesses against him applies to both in-court testimony and to out-of-court statements introduced at trial, regardless of the admissibility of those statements under the law of evidence[,]" and it did not "speak to whether [the victim's statements] in the forensic interview satisfied the requirements of the TYHA…." **Id.** at 1215 n.18. Therefore, with respect to the Confrontation Clause issue, our Supreme Court explained that it could not "find the confrontation element of **Crawford** was met herein, for **Crawford** and its progeny require an opportunity for effective cross-examination which [the juvenile defendant] simply did not have[,]" as the victim provided "virtually no verbal responses on direct examination … which effectively left defense counsel with no opportunity to cross-examine her on the charges brought against [the juvenile defendant]." **Id.** at 1216, 1217.[7]

_____

[7] **Cf. Commonwealth v. Kemmerer**, 33 A.3d 39, 43-44 (Pa. Super. 2011) (determining that the appellant's constitutional right to confront witnesses against him was not violated where "[the victim] … testified at both the pretrial TYHA hearing, and at trial via closed circuit television, **regarding [the a]ppellant's conduct**, and [the a]ppellant likewise had ample opportunity to confront and cross-examine [the victim]") (emphasis added); **Commonwealth v. Charlton**, 902 A.2d 554, 560-61 (Pa. Super. 2006) ("Here, unlike **Crawford**, the record reveals **the victim testified at length regarding the underlying events** at both the pretrial competency hearing and the jury trial, and [the] appellant had more than ample opportunity to
*(Footnote Continued Next Page)*

While the victim's inability to communicate regarding the alleged incident at issue in the case *sub judice* was not as acute as the victim's behavior in ***In re N.C.***, we conclude that Juvenile in this case was similarly denied an opportunity for effective cross-examination.[8] Like the victim in ***In re N.C.***, the victim here did not provide any testimony regarding the alleged incident. Further, the juvenile court determined that the victim's lack of testimony regarding the alleged incident was not due to lack of memory, but because she declined to testify about it. **See** TCO at 7-8.[9] Accordingly, we agree with the juvenile court that "Juvenile has not had a full and fair opportunity to cross-examine the victim which will deny [] Juvenile's right to confront [] Juvenile's accuser." ***Id.*** at 7. Therefore, the juvenile court did

_____

*(Footnote Continued)* ————————————

confront and cross-examine her in each instance. Accordingly, we do not find the concerns of ***Crawford*** are implicated in this case.") (emphasis added; citations omitted).

[8] In fact, Juvenile claims that "[n]ot only was there no opportunity for 'effective' cross-examination, there was no opportunity for cross-examination at all given that no evidence of any crime was established." Juvenile's Brief at 6. Moreover, the juvenile court points out that "the victim's testimony is not only vital but evidently the only evidence that the Commonwealth possesses in this matter linking [] Juvenile to this alleged crime." TCO at 6.

[9] The Commonwealth acknowledges that the victim "was unable and unwilling to provide details surrounding the interview [at the Child Advocacy Center] or the allegations." Commonwealth's Brief at 6.

not err or abuse its discretion in precluding the admission of the videotaped statement.[10]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017

_____

[10] As an alternative argument, the Commonwealth claims that the videotaped statement should be admitted as a prior recorded recollection under Pa.R.E. 803.1(3). Commonwealth's Brief at 14-15. Notwithstanding the constitutional issue discussed above, because the trial court found that the victim declined to testify regarding the alleged incident — and was not simply unable to recall it — we agree with the trial court that this hearsay exception does not apply, and we do not delve into it further. *See* TCO at 7-8.